## V. C. BUTT v. BOARD OF SUPERVISORS OF MONTGOMERY COUNTY.

POLL-TAX. *Whether a State or county tax. Commissions of collector.*

Section 7 of article 8 of the constitution authorizes the legislature to levy a poll-tax "in aid of the school fund," but it is not made a part of the "common school fund" provided for in ¿ 6 of that article, and the legislature had the power to direct the payment of such tax directly into the county treasuries or treasuries of incorporated towns, being separate school districts, "to be used in aid of the school fund," as was done in ¿ 469 of the Code of 1880, in-

stead of directing it to be paid into the State treasury and distributed as a part of the "common school fund." And under these provisions, constitutional and statutory, the poll-tax levied by § 469 of the code constitutes a part of the "county taxes, including school, bond, and privileges taxes," mentioned in § 466 of the code, which prescribes the rate of compensation to the collector for collecting State and county taxes.

APPEAL from the Circuit Court of Montgomery County.

HON. C. H. CAMPBELL, Judge.

In August, 1884, V. C. Butt presented to the Board of Supervisors of Montgomery County, a claim for one hundred and thirteen dollars and sixty-two cents, which he alleged was due him as commissions on the poll-taxes of the years 1880, 1881, and 1882, collected by him as sheriff and tax collector of the county, and had been through a mistake of law paid into the county treasury. The mistake, as stated, was that in computing his commissions on the taxes for the years named respectively, he had counted the poll-tax with the county taxes instead of with the State taxes. The county taxes for any one of those years, not including the poll-tax, exceeded ten thousand dollars; while the State taxes, together with the poll-tax, was less than ten thousand dollars. The law allows the collector five per cent. on the first ten thousand dollars of county taxes, and the same on the first ten thousand dollars of State taxes collected in any one year, and three per cent. on the excess over that amount. So that by including the poll-tax with the county taxes Butt only got three per cent. of commissions on the poll-taxes, whereas if he had counted the poll-tax with the State taxes he would have gotten five per cent. of commissions on the poll-taxes.

His claim, which represented the two per cent. which he says he is entitled to but failed to reserve in his settlement with the county, was disallowed by the board of supervisors, and he appealed to the circuit court, where the action of the board was affirmed. Thereupon he appealed to this court.

*Sweatman, Trotter & Trotter*, for the appellant.

It cannot be that the place of payment of taxes determines the character of the fund to which they belong. For if this was true the poll-tax collected from the citizens of an incorporated city or

town which is a school district would be a city tax, and neither State nor county, and the poll-tax collected at the same time from citizens of the county would be county tax.   51 Miss. 807.

We hold that this tax is neither city nor county tax, but that it is a State tax.   It is a tax fixed by the legislature of the State and made uniform throughout the State.   Code 1880, § 469.

And the power to levy it has been delegated exclusively to the legislature.   Const., art. 8, § 7.   Hence it must be a State tax.

By § 466 of code the sheriff is allowed five per cent. on State tax and five per cent. on county tax up to ten thousand dollars on each collected.   The ten thousand dollars of county tax is by express provision to include school, bond, and privilege tax, but not a word is said about the poll-tax being included also.

It will not do to say that the poll-tax is included in the school tax mentioned in § 466, for it will be noticed by the court that the poll-tax is always spoken of as a separate tax, as contradistinguished from the school tax.   And not only this, but the school tax is one over which the board of supervisors have jurisdiction, and up to the time of the Amendment of 1882, Acts, page 77, they had the right to fix the amount to be collected, provided it was not over three mills on the dollar.   Code 1880, § 730 ; Const., art. 8, § 7 ; Code 1880, § 469.

*Walter Trotter*, of counsel for the appellant, argued the case orally.

*A. H. Brantley*, for the appellee.

The constitution, art. 8, § 7, authorizes the levy of a poll-tax and restricts its use to the aid of the school fund provided for by Amendment II of § 6 of the same article.   In pursuance of § 7, art. 8, it is provided by law that a poll-tax of one dollar shall be assessed and collected on each inhabitant of the State between the ages of twenty-one and fifty-five and paid directly into the hands of the county treasurers, to be used in aid of the school fund.   Code 1880, § 469.

The constitution, art. 8, § 10, also authorizes the legislature to provide for the levy and collection of such other taxes as may be necessary for the support of the free schools.   In pursuance of this

last provision the legislature authorized the boards of supervisors to levy a tax of three mills on the dollar to be paid into the county treasury, to be placed to the credit of the common-school fund. Code 1880, § 730; Acts of 1882, 77. What, then, is the difference between this and the poll-tax? Both originate in the constitution and are provided for by the legislature; they are alike directed to be paid into the county treasury and each limited in use to the aid of the school fund within the territory of the county where levied and collected. It would seem, therefore, if one is a county tax the other must be.

*A. H. Brantley* also argued the case orally.

*L. Brame,* on the same side.

I take the position that money collected from polls is not embraced in the first clause of § 466 of the Code of 1880 for the following reasons :

1. The money is paid into the county treasury, and not into the State treasury.

2. It is paid in for county purposes.

3. It is designated by the term *school* taxes.

4. In the application of the money and in settlements by the officers of the State it is treated in fact as county and not State funds.

5. The appellant himself so treats it by suing the county.

6. In those counties where the bond, school, and privilege taxes amount to less than ten thousand dollars, the collectors are entitled to five per cent. on this as part of the county taxes.

*L. Brame* made an oral argument also.

ARNOLD, J., delivered the opinion of the court.

The determination of the single question, whether or not the poll-tax as collected and disbursed under the laws of the State is a State tax or a county tax, within the meaning of § 466 of the Code of 1880, will dispose of this case. The poll-tax is not among the subjects of revenue expressly devoted by art. 8, § 6, of the constitution of the State to the common-school fund, but by § 7 of that article it is appropriated in general terms to aid the school

fund. It is a school fund, but is not made a part of the common-school fund by the constitution. It is competent for the legislature to provide how the poll-tax shall be collected, appropriated, and distributed, so long as it is not diverted from the purpose of education and the "uniform system of free public schools" ordained by the constitution. The legislature has exercised this power by providing in § 469 of the Code of 1880 that revenue derived from this source shall be paid directly into the hands of the county treasurers of the respective counties, or into the treasury of towns constituting separate school districts, to be used in aid of the school fund and for no other purposes. It is not included in the general distribution of the common-school fund of the State. It is, under existing laws, a county tax for educational purposes, and is a part of the county taxes, including school, bond, and privilege taxes, specified in § 466 of the code, for the collection of which tax collectors are allowed five per cent. on the first ten thousand dollars and three per cent. on all sums over that amount.

*Affirmed.*